# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS JOE HARRIS,

        Defendant-Appellant.

UNPUBLISHED
June 27, 2017

No.  330934
Wayne Circuit Court
LC No.  15-006664-01-FC

Before:  SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right following his jury trial convictions of assault with intent to commit murder, MCL 750.83, armed robbery, MCL 750.529, discharging a firearm in a building causing serious impairment, MCL 750.234b(4), assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.  The trial court sentenced defendant to 20 to 50 years' imprisonment for the assault with intent to commit murder and armed robbery convictions, 5 to 20 years' imprisonment for the discharging a firearm in a building causing serious impairment conviction, one to four years' imprisonment for the felonious assault conviction, and two years' imprisonment for the felony-firearm conviction.  We affirm.

Defendant argues on appeal that the trial court abused its discretion when it admitted the browser history from his personal cellphone into evidence under MRE 404(b).  We disagree.

"The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion." *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013), citing *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010).  "A trial court abuses its discretion when it makes an error of law in the interpretation of a rule of evidence." *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015), citing *Duncan*, 494 Mich at 723.  "We review such questions of law de novo." *Jackson*, 498 Mich at 257, citing *Duncan*, 494 Mich at 723.  "If the court's evidentiary error is nonconstitutional and preserved, then it is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict." *Jackson*, 498 Mich at 257, citing *People v Douglas*, 496 Mich 557, 565-566; 852 NW2d 587 (2014) (quotation marks omitted).

MRE 404(b) provides, in relevant part:

> (b) Other crimes, wrongs, or acts.
>
> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

"MRE 404(b) 'is a rule of legal relevance' that 'limits only one category of logically relevant evidence': '[i]f the proponent's only theory of relevance is that the other act shows defendant's inclination to wrongdoing in general to prove that the defendant committed the conduct in question, the evidence is not admissible.' " *Jackson*, 498 Mich at 258, quoting *People v VanderVliet*, 444 Mich 52, 64; 508 NW2d 114 (1993) (alteration in original). "MRE 404(b) governs but does not prohibit all evidence of other acts that risks this character-to-conduct inference; the rule 'is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character.' " *Jackson*, 498 Mich at 259, quoting *People v Mardlin*, 487 Mich 609, 616; 790 NW2d 607 (2010).

In *Jackson*, the Michigan Supreme Court stated the framework for analyzing admissibility under MRE 404(b):

> To admit evidence under MRE 404(b), the prosecutor must first establish that the evidence is logically relevant to a material fact in the case, as required by MRE 401 and MRE 402, and is not simply evidence of the defendant's character or relevant to his propensity to act in conformance with his character. The prosecution thus bears an initial burden to show that the proffered evidence is relevant to a proper purpose under the nonexclusive list in MRE 404(b)(1) or is otherwise probative of a fact other than the defendant's character or criminal propensity. Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character. Evidence is *inadmissible* under this rule *only* if it is relevant solely to the defendant's character or criminal propensity . . . . Any undue prejudice that arises because the evidence also unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test, which permits the court to exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. Finally, upon request, the trial court may provide a limiting instruction to the jury under MRE 105 to specify that the jury may consider the evidence only for proper, noncharacter purposes. [*Jackson*, 498 Mich at 259-260, quoting *Mardlin*, 487 Mich at 615-616 (quotation marks omitted).]

Other-acts evidence might result in unfair prejudice if it "inject[s] considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (quotation marks and citation omitted). "The threshold for relevance is minimal, and any tendency is sufficient." *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014), citing *People v Crawford*, 458 Mich 376, 390; 582 NW2d 785 (1998), abrogation on other grounds recognized by *People v Knox*, 256 Mich App 175, 189 (2003), rev'd 469 Mich 502, 515 (2004). Additionally, "[e]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Crawford*, 458 Mich at 398.

The trial court properly admitted the evidence. Defendant contacted the victim to engage her in her "escort service," a service the victim advertised on Backpage.com. Shortly after he arrived at the victim's motel room at the Hilltop Motel, defendant shot and then robbed the victim. The browser history showed that defendant visited Backpage.com after the incident with the victim took place. The trial court ruled that the browser history extracted from defendant's personal cellphone was admissible only "for purposes of scheme or plan[.]" Those are proper purposes under MRE 404(b). If the jury found that defendant's visits to Backpage.com after the incident were for the purpose of locating "escort services," then defendant's visits to Backpage.com were highly probative as to how defendant identified and then contacted the victim prior to the incident.

Defendant contends on appeal that the trial court erred when it admitted defendant's browser history into evidence to establish a common plan or scheme by defendant. The browser history extracted from defendant's phone indicated that defendant visited Backpage.com on multiple occasions after the incident occurred at the Hilltop Motel. Defendant argues that his subsequent visits to Backpage.com cannot be part of a common plan or scheme because the acts in question must be part of a single common plan, and therefore, his subsequent visits to Backpage.com are irrelevant because those visits could not be part of a common plan to rob the victim after she had already been robbed.

Defendant's contention is without merit. Under MRE 404(b)(1), evidence of defendant's acts "subsequent to the conduct in the case" are admissible to show a "scheme" or "plan." As such, the mere fact that defendant visited Backpage.com after the incident occurred does not render the evidence irrelevant. And defendant's contention that evidence of defendant's subsequent visits to Backpage.com must necessarily have been part of his scheme or plan to rob the victim is without merit. "[R]elevant similar acts are not limited to circumstances in which the charged and uncharged acts 'are part of a single continuing conception or plot.' " *People v Ackerman*, 257 Mich App 434, 440; 669 NW2d 818 (2003), citing *People v Sabin*, 463 Mich 43, 64; 614 NW2d 888 (2000). "[E]vidence of other acts 'must indicate the existence of a plan rather than a series of similar spontaneous acts,' but unlike evidence of other acts used to prove identity, 'the plan need not be unusual or distinctive; it need only exist to support the inference that the defendant employed that plan in committing the charged offense.' " *Ackerman*, 257 Mich App at 440, citing *Sabin* 463 Mich at 65 (citation and quotation marks omitted). The victim testified that she advertised her escort services on Backpage.com, and she confirmed that defendant contacted her on the number she listed on that website. Therefore, defendant's subsequent usage of the same website that the victim advertised her escort services on supports the inference that he previously used the website to identify and contact the victim.

-3-

Even if we were to conclude that the trial court abused its discretion when it admitted the evidence, then only harmless error resulted. The error would not have been outcome-determinative, as there was overwhelming evidence of defendant's guilt. Ashley Sellenraad, a Michigan State Police certified latent print examiner, testified that following the incident she discovered a high quality fingerprint on the victim's cellphone, and after a fingerprint analysis was conducted, Sellenraad concluded that fingerprint was made by defendant's left ring finger. Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Stan Brue testified that he analyzed the call records of defendant's personal cellphone, and after analyzing three calls defendant received on December 9, 2014, between 1:24 p.m. and 1:57 p.m., he concluded that defendant was in the approximate location of the Hilltop Motel at that time. Redford Township Police Department Detective James Meade testified that the last call made to the victim's phone before the robbery came from a cellphone that was registered to the mother of defendant's child. He also testified that he arrived at the Hilltop Motel at approximately 2:00 p.m. in response to a "radio call" that shots had been fired there. And while the victim initially identified another individual as her attacker while she was medicated during her hospitalization following the incident, she corrected that error, and she subsequently and unequivocally identified defendant as her attacker during a photographic lineup, a live lineup, and again in court during trial.

Defendant also contends that he was denied the effective assistance of counsel because his trial counsel failed to impeach the victim regarding inconsistent testimony she gave during his preliminary examination regarding his hairstyle at the time of incident. We disagree.

To preserve a claim of ineffective assistance of counsel, a defendant must file a motion for a new trial or a *Ginther*[1] hearing to develop a record to support the claim. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Defendant filed a motion to remand for a *Ginther* hearing in this Court. This Court denied defendant's motion to remand for a *Ginther* hearing on June 6, 2016. *People v Harris*, unpublished order of the Court of Appeals, entered June 6, 2016 (Docket No. 330934). Therefore, this issue is unpreserved.

"[B]ecause the trial court did not hold an evidentiary hearing, our review is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000), citing *People v Hedelsky*, 162 Mich App 382, 387; 412 NW2d 746 (1987). See also *People v Fonville*, 291 Mich App 363, 382-383; 804 NW2d 878 (2011), citing *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007) (where this Court stated, "[a]bsent an evidentiary hearing, this Court's review of counsel's performance is limited to mistakes apparent on the record," in the context of an appeal from a denial of a motion for relief of judgment where a claim of ineffective assistance of counsel was raised). The record on appeal "consists of 'the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced.' " *People v Gingrich*, 307 Mich App 656, 659 n 1; 862 NW2d 432 (2014), quoting MCR 7.210(A)(1).

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Claims of ineffective assistance of counsel are mixed questions of law and fact. This Court reviews the trial court's findings of fact for clear error, and reviews questions of constitutional law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011), citing *People v Burrell*, 417 Mich 439, 449; 339 NW2d 403 (1983). This Court denied defendant's motion to remand for a *Ginther* hearing, therefore, this Court's review is limited to the appellate record. *Sabin (On Second Remand)*, 242 Mich App at 658-659.

This Court evaluates claims of ineffective assistance of counsel using the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). *People v Hoag*, 460 Mich 1, 5-6; 594 NW2d 57, 59 (1999), citing *Pickens*, 446 Mich 298. To succeed on a claim of ineffective assistance of counsel, the defendant must show "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51, citing *Armstrong*, 490 Mich at 290. "Defense counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.' " *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 690.

"[A] defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52, citing *Strickland*, 466 US at 689. "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012), citing *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). "The questioning of witnesses is presumed to be a matter of trial strategy." *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008), citing *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

Defendant contends on appeal that he was denied the effective assistance of counsel because his trial counsel failed to impeach the victim regarding inconsistent testimony she gave during his preliminary examination regarding his hairstyle at the time of the incident. Defense counsel's performance did not fall below an objective standard of reasonableness when he failed to impeach the victim regarding her preliminary examination testimony concerning defendant's hairstyle. During the preliminary examination, defendant's trial counsel asked the victim about her attacker: "[s]o, did he have clothes -- was he undressed?" The victim replied, "[n]o, he had on all black. At the time he had braids." During trial, defendant's trial counsel cross-examined the victim about whether defendant's head was covered during the incident. She testified that she did not remember whether defendant's head was covered at the time of the incident. She noted that "it was cold," and she speculated "he probably had a skully on," however, she stated that "I didn't pay attention. I just wanted the money." Defendant's trial counsel replied, "[o]kay. Now you recall at a preliminary examination indicating that the person had braided hair?" The prosecutor interjected and asked defendant's trial counsel what page that testimony could be found on, and he responded by apologizing for being unable to find the page number. Ultimately, defendant's trial counsel stated, "[w]ell let's move on," and the victim did not answer his question regarding her attacker's hairstyle at the time of the incident.

However, defendant's trial counsel then cross-examined the victim about her initial identification of a different individual as her attacker. She confirmed that she had initially identified another individual as her attacker while she was medicated and in the hospital after the incident. The victim stated that individual "wasn't the person," and she noted that the police had "asked me a dumb question while I was drugged up." During his closing argument, defendant's trial counsel posed the following question to the jury: did any of the juror's recall what the prosecutor was wearing two days earlier? The trial court judge did not allow any of the jurors to answer this question, however, defendant's trial counsel stated that "the point I'm trying to get at is that [the prosecutor] and I have been before you for quite a few hours now trying this case, but yet your memory as to what we were wearing is nil. That's the point I'm trying to make as far as identification is concerned." He then emphasized the importance of identification, and he then asked the jury to be "very careful in rendering" the verdict.

The record on appeal does not provide an explanation as to why defendant's trial counsel decided to move on from his attempt to impeach the victim regarding her earlier testimony. However, "[t]his Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *Russell*, 297 Mich App at 716, citing *Horn*, 279 Mich App at 39. Further, it is clear from the record that defendant's trial counsel pursued other avenues to undermine the credibility of the victim's identification of defendant during cross-examination and again in his closing argument. Therefore, defendant has failed to carry his burden to demonstrate that his trial counsel rendered an objectively unreasonable performance.

Even if we were to conclude that defense counsel's performance fell below an objective standard of reasonableness, then defendant cannot demonstrate that the error of his trial counsel was outcome determinative. Even when assuming that defendant's trial counsel could have persuaded the jury that the victim's identification of defendant was not credible through further impeachment, there was still overwhelming evidence of defendant's guilt. Sellenraad testified that defendant's fingerprint from his left ring finger was found on the victim's cellphone after the incident. Special Agent Brue testified that defendant was in the approximate area of the Hilltop Motel at the time of the incident based on the call records from defendant's personal cellphone. And Detective Meade testified that the last call made to the victim's phone before the robbery came from a cellphone registered to the mother of defendant's child. Therefore, even if defendant's trial counsel erred, defendant cannot demonstrate that error was outcome determinative.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan