# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MAXIMILIAN PAUL GINGRICH,

        Defendant-Appellee.

FOR PUBLICATION
November 6, 2014
9:00 a.m.

No. 310416
Kent Circuit Court
LC No. 11-007145-FH

Before: MARKEY, P.J., and WILDER and MURRAY, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the circuit court's order granting defendant's motion to suppress evidence of child pornography, MCL 750.145c(4), found on defendant's laptop computer following a warrantless search by police after being notified by Best Buy employees of suspicious file names the employees saw while performing repairs to the computer. The circuit court ruled that a search without both probable cause and a warrant is generally unreasonable unless a recognized exception to the warrant requirement applied, and that in this case, the search and seizure was not permissible under the exigent circumstances, consent, plain view, or inevitable discovery exceptions. Our review of United States Supreme Court precedent, by which this Court is clearly bound regarding matters of federal law, *People v Gilliam*, 479 Mich 253, 261; 734 NWd2 585 (2007), convinces us that the circuit court ruled correctly. Accordingly, we affirm.

## I. SUMMARY OF PERTINENT FACTS AND PROCEEDINGS

The limited facts pertinent to this appeal were developed at defendant's preliminary examination on charges of two counts of possessing child sexually abusive material, MCL 750.145c(4), and two counts of using computers to commit a crime, MCL 752.796. At the preliminary examination, Chad Vandepanne, a computer repair technician for Best Buy, testified that he received a work order to perform a "diagnostic repair with a backup" on defendant's computer.[1] The requested work required Vandepanne to physically remove the computer's hard

---

[1] No one from Best Buy who had direct contact with defendant testified at the preliminary examination and the unsigned work order was not admitted in evidence. The prosecution attempted to supplement the record by attaching the work order to its late motion for

-1-

drive, backup all of the data on the computer, and then perform a full hardware/software diagnostic, repairing any problems that were discovered. A machine performing the backup would display computer file names but not permit the files to be opened, as Vandepanne testified that Best Buy's policy did not permit employees to open any customer computer files. During the backup of defendant's computer, Vandepanne noticed files entitled, "12-year old Lolita" and "12-year-old female virgin's pussy," which led him to suspect the files might be child pornography. After seeing the file names, Vandepanne informed his manager of what he saw. Kent County Sheriff's Deputy Gary Vickery arrived 15 minutes later and Vandepanne pointed out the suspicious file names while the backup of defendant's computer was still running.

According to both Vandepanne and Vickery, when the backup process ended Vickery requested that Vandepanne open the suspicious files. To do so, Vandepanne had to remove the hard drive from the backup machine and attach it to a computer that would permit opening and browsing the suspect files. When he did this, the suspect files were opened and displayed pictures of pornography involving minors. Vickery requested and Vandepanne gave him the computer hard drive containing the suspected child pornography. Vickery also seized defendant's computer, power supply, and nine software discs. Vickery admitted that a search warrant could have been, but was not, obtained before opening the suspicious computer files.

After Vickery's testimony, defendant moved to suppress the evidence of the photographs found on his computer. He argued that Vickery did not obtain a warrant and that no exception to the warrant requirement applied to his case. The prosecution argued that the motion was premature, and that defendant did not have an expectation of privacy in the files that were opened because he turned the computer over to Best Buy for repairs. The district court agreed with the latter argument, ruling that defendant had no valid expectation of privacy because he voluntarily delivered his computer to a large corporation for repair with knowledge that technicians might view its stored images while performing repair work.

In the circuit court, defendant moved to quash the information or in the alternative to suppress the evidence and dismiss the charges. As noted already, the circuit court ruled that the initial search of defendant's computer by Vickery was unreasonable because a search warrant was not obtained.

Moreover, while expressing concern that no evidence indicated whether defendant knew of Best Buy's privacy policy, the court ruled that the warrantless search and seizure by the police violated defendant's constitutional rights because no exception to the warrant requirement applied. Consequently, the exclusionary rule required that the items seized and observations made be excluded from evidence, along with the fruit of the illegal search. Because no other evidence beyond that which was suppressed supported the charges against defendant, they were also dismissed. The circuit court subsequently ruled that the prosecution's motion for

reconsideration of the circuit court's ruling. The prosecution has also submitted a copy of the work order with its brief on appeal but a party may not expand the record on appeal, which consists of "the original papers filed in that court or a certified copy, the transcript of any testimony or other proceedings in the case appealed, and the exhibits introduced." MCR 7.210(A)(1); *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013); *People v Eccles*, 260 Mich App 379, 384 n 4; 677 NW2d 76 (2004). We therefore decline to consider the work order.

reconsideration was not timely, and therefore denied it. The prosecution now appeals by leave granted.

## II. ANALYSIS

### A. STANDARD OF REVIEW

We review de novo a trial court's ultimate decision on a motion to suppress on the basis of an alleged constitutional violation. *People v Dagwan*, 269 Mich App 338, 341; 711 NW2d 386 (2005) (citation omitted). The trial court's findings of fact from a suppression hearing are reviewed for clear error, according deference to the trial court's determination. *Id.* at 342 (citation omitted); *People v Roberts*, 292 Mich App 492, 502; 808 NW2d 290 (2011). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (quotation marks and citation omitted). Any ancillary questions of law relevant to the motion to suppress are also reviewed de novo. *Id*.

### B. ANALYSIS

A warrant is only required if the government conducts a search of an object or area that is protected by the Fourth Amendment. See *O'Connor v Ortega*, 480 US 709, 715; 107 S Ct 1492; 94 L Ed 2d 714 (1987).[2] The Fourth Amendment itself protects "[t]he right of the people to be secure in their persons, homes, papers, and effects, against unreasonable searches and seizures . . . ." US Const, Am IV. Under the plain terms of the Amendment, "[w]hen 'the Government obtains information by physically intruding' on persons, houses, papers or effects, 'a search within the original meaning of the Fourth Amendment' has 'undoubtedly occurred.' " *Florida v Jardines*, ___ US ___, ___; 133 S Ct 1409, 1414; 185 L Ed2d 495 (2014), quoting in part *United States v Jones*, 565 US ___, ___ n 3; 132 S Ct 945, 950-951; 181 L Ed 2d 911 (2012) (some internal quotation marks omitted). A "[t]resspass alone does not qualify, but there must be conjoined with that . . . an attempt to find something or to obtain information." *Jones*, 565 US at ___ n 5; 133 S Ct at 951.

*In addition*, the government needs a warrant (assuming no exception applies) before searching something in which the person has a reasonable expectation of privacy. *Soldal v Cook County*, 506 US 56, 63; 113 S Ct 538; 121 L Ed 2d 450 (1992). But, if the government physically intrudes on a constitutionally protected area (a person's home, papers, and effects) in search of evidence without a warrant, then the *Katz*[3] reasonable expectation inquiry is unnecessary. *Jardines*, 565 US at ___; 133 S Ct at 1417, citing *Jones*, 565 US at ___; 132 S Ct at 950-952; *Carman v Carroll*, 749 F3d 192, 197 (CA 3, 2014). That is because the *Katz* reasonable-expectation test is in addition to the traditional property-based understanding of the

---

[2] The Michigan Constitution's prohibition against unreasonable searching and seizures is construed as protecting the same interests as the Fourth Amendment. *People v Lemons*, 299 Mich App 541, 545; 830 NW2d 794 (2013).

[3] *Katz v United States*, 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967).

Fourth Amendment. *Id*. In other words, these are separate tests that can be applied depending on the interest at issue, but a finding that one is met is sufficient to find a violation of the Fourth Amendment.

As defendant argues, this matter is easily resolved.[4] A search for purposes of the Fourth Amendment occurred in this case because "the officers learned what they learned only by physically intruding on [defendant's] property [his computer] to gather evidence [which] is enough to establish that a search occurred." *Jardines*, 565 US at __; 133 S Ct at 1417. It can hardly be doubted that a computer, which can contain vast amounts of personal information in the form of digital data, is an "effect," US Const, Am IV, and a "possession," Const 1963, art 1, § 11, within the meaning of the constitutional proscription against unreasonable searches and seizures. See *People v Smith*, 420 Mich 1, 20; 360 NW2d 841 (1984) (opining that as used in the two constitutional provisions, " 'possessions' and 'effects' are virtually identical in meaning" and therefore there exists no reason to treat those provisions differently).

The record evidence also shows that *only at the command of the police* did the Best Buy employee physically take the hard drive to defendant's computer (thus, a trespass on defendant's "effects") and attach it to a store computer in order to gather evidence of child pornography. Since the officers did not have a search warrant to do so, and no exception to the warrant requirement applies, the circuit court correctly held that a warrant was required before police directed the Best Buy employee to attach the hard drive to another computer for purposes of searching the hard drive for evidence. Having reached this conclusion, there is no need to determine whether defendant also had a reasonable expectation of privacy in the information contained in the computer. *Jardines*, 565 US at ___; 133 S Ct at 1417, citing *Jones*, 565 US at ___; 132 S Ct at 951-952.

Our conclusion that it was necessary for the police to obtain a search warrant before exceeding the scope of the private search is further buttressed by the decision in *Jones*. In *Jones*, government agents tracked the movements of a suspected drug trafficker by placing an electronic Global-Positioning-System (GPS) device on the undercarriage of a vehicle registered to the suspect's wife while it was parked in a public parking lot. *Jones*, 565 US at ___; 132 S Ct at 948. Jones was later charged with, among other offenses, conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. *Id*. The district court denied Jones's motion to suppress the GPS evidence, finding that one " 'traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.' " *Id*. (citation omitted). The United States Court of Appeals for the District of Columbia Circuit reversed Jones's conviction "because of admission of the evidence obtained by warrantless use of the GPS device . . . ." *Id*. at 949. The United States Supreme Court affirmed, holding that attaching the GPS tracking device to an individual's vehicle, and thereby monitoring the vehicle's movements on public streets, constituted a search or seizure within the meaning of the Fourth Amendment. *Id*. at 948-949.

---

[4] As *Jardines* says straight forward cases should be. See *Jardines*, 565 US at __; 133 S Ct at 1417 ("One virtue of the Fourth Amendment's property-rights baseline is that it keeps easy cases easy.").

Justice Scalia, writing for the Court, noted that it was "beyond dispute that a vehicle is an 'effect' as that term is used in the [Fourth] Amendment," *id*. at 949 (citation omitted), and added that "[b]y attaching the [GPS] device to the Jeep, officers encroached on a protected area," *id*. at 952. "The Government physically occupied private property for the purpose of obtaining information. We have no doubt that such a physical intrusion would have been considered a 'search' within the meaning of the Fourth Amendment when it was adopted." *Id*. at 949 (citation omitted). Consequently, because the government obtained information by physically intruding on a constitutionally protected area, the Court concluded a search within the protection of the Fourth Amendment had occurred. *Id*. at 950 n 3. Hence, when the government commits a trespass on "houses," "papers" or "effects" (or invades a *Katz* reasonable invasion of privacy) for the purpose of obtaining information, such a trespass or invasion of privacy is a search within the meaning of the Fourth Amendment. *Id*. at 951 n 5.

## C. CONCLUSIONS

In sum, we hold that under the Fourth Amendment as reinforced by *Jardines* and *Jones* a personal computer storing personal information in the form of digital data must be considered defendant's "effect" under the Fourth Amendment, and "possession" under the Michigan Constitution, see Const 1963, art 1, § 11. To access the data and obtain information from defendant's computer, his "effect" or "possession," the Best Buy employees as directed by the police physically attached another device to its hard drive. Such action was a trespass—a search under the Fourth Amendment and Const 1963, art 1, § 11—because the government physically intruded defendant's property to obtain information. *Jones*, 565 US at ___; 132 S Ct at 949-953; see also *Smith*, 420 Mich at 7 n 2, 18-20. The police did not obtain a warrant to conduct the search and the prosecution's brief offers no exception to the warrant requirement to justify the police's action.

As the circuit court ruled, "[a] search and seizure without a warrant is unreasonable per se and violates the Fourth and Fourteenth Amendments of the United States Constitution and Const 1963, art 1, § 11, unless shown to be within one of the exceptions to the rule." *People v Wagner*, 114 Mich App 541, 546-547; 320 NW2d 251 (1982) (citation omitted); see also *Riley v California*, ___ US ___; 134 S Ct 2473, 2482, 2493; 189 L Ed 2d 430 (2014) ("[T]he warrant requirement is an important working part of our machinery of government, not merely an inconvenience to be somehow 'weighed' against the claims of police efficiency") (some internal quotation marks and citation omitted), and *Katz*, 389 US at 357 ("Over and again this Court has emphasized that the mandate of the (Fourth) Amendment requires adherence to judicial processes, and that searches conducted outside the judicial process . . . without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.") (Citations and quotation marks omitted). Consequently, we conclude that the police search in this case without a warrant or applicable exception to the warrant requirement, was per se unreasonable under the Fourth Amendment and Const 1963, art 1, § 11.

Affirmed.

/s/ Jane E. Markey
/s/ Kurtis T. Wilder
/s/ Christopher M. Murray

-5-