*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
June 18, 2019

v

BENNIE L. LAYTON,

        Defendant-Appellant.

No. 341970
Oakland Circuit Court
LC No. 1996-143720-FC

Before: JANSEN, P.J., and METER and GLEICHER, JJ.

PER CURIAM.

In 1996, when defendant was 17 years old, he was convicted by a jury of first-degree felony murder, MCL 750.316(1)(b). Defendant was sentenced to mandatory life imprisonment without parole. Defendant appealed as of right to this Court, and this Court affirmed defendant's conviction and sentence. *People v Layton*, unpublished per curiam opinion of the Court of Appeals, issued December 9, 1997 (Docket No. 199364).[1]

Following the United States Supreme Court's decisions in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), the prosecution filed in the trial court a list of names of "juvenile lifers" who were now eligible for resentencing under MCL 769.25a. Upon resentencing, the prosecution sought to have defendant resentenced to a term of years rather than life without parole. On December 18, 2017, defendant was resentenced to 35 to 60 years' imprisonment. We affirm.

Defendant argues that the trial court abused its discretion by failing to consider the effect of the mitigating factors outlined in *Miller* and *People v Wines*, 323 Mich App 343; 916 NW2d 855 (2018), instead concentrating mainly on the circumstances of the crime. Defendant also

---

[1] The underlying facts of this case can be found in this Court's prior opinion. See *Layton*, unpub op at 2.

argues that the trial court erred by failing to state a reason for his 35-year minimum sentence. We disagree.

We review sentencing decisions for an abuse of discretion. *People v Skinner*, 502 Mich 89, 131-132; 917 Mich 292 (2018). "[A] given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 131-132, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, *People v Dixon-Bey*, 321 Mich App 490, 533; 909 NW2d 458 (2017), or when it makes an error of law. *People v Parlovecchio*, 319 Mich App 237, 240; 900 NW2d 356 (2017). We review de novo constitutional matters and matters of statutory interpretation. *People v Wiley*, 324 Mich App 130, 150; 919 NW2d 802 (2018). We review for clear error a trial court's findings of fact. *People v Grant*, 470 Mich 477, 484-485; 684 NW2d 686 (2004). " 'A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made.' " *People v Mahdi*, 317 Mich App 446, 457; 894 Mich 732 (2016), quoting *People v Gingrich*, 307 Mich App 656, 661; 862 NW2d 432 (2014) (internal citation omitted).

In *Miller*, the United States Supreme Court declared that mandatory life sentences without the possibility of parole for juvenile offenders are unconstitutional. *Miller*, 567 US at 465. Following the *Miller* decision, the Michigan Legislature enacted MCL 769.25a which became effective upon the United States Supreme Court's decision in *Montgomery*, where the Court held that *Miller* applied retroactively. *Wines*, 323 Mich App at 347. MCL 769.25a provides that "prosecutors may seek a reimposition of life-without-parole imprisonment if they file a motion within a defined period of time." *Wines*, 323 Mich App at 347. If the prosecution does not seek a reimposition of a sentence of life without the possibility of parole, the trial court shall resentence "the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years." MCL 769.25a(4)(c).

As this Court discussed in *Wines,* MCL 769.25a does not specify any factors or special considerations that a trial court must consider when resentencing a juvenile lifer. *Wines*, 323 Mich App at 348. Indeed, this Court concluded that a resentencing court is not required "to specifically make findings as to the *Miller* factors except in the context of a decision whether to impose life without parole." *Id*. at 352. Rather, when a term of years is being considered by the resentencing court, it should "be guided by a balancing of the [objectives announced in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972)] and in that context is required to take into account the attributes of youth such as those described in *Miller*." *Id*. Under *Snow,* in imposing any criminal sentence – whether of a juvenile or an adult – the sentencing court "should 'balance' the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses." *Wines*, 323 Mich App at 351.

In this case, the prosecution did not seek to have the trial court reimpose a sentence of life without the possibility of parole. Rather, the prosecution sought to have defendant resentenced to a term of years within the limits of MCL 769.25a. Therefore, when resentencing defendant,

the trial court was not required to make specific factual findings regarding each of the *Miller* factors. Defendant argues the trial court abused its discretion when it focused almost exclusively on the seriousness of the crime when resentencing defendant, and that the trial court failed to consider his home environment, his youth and immaturity, or the extent of his conduct in the case. Further, defendant argues that the trial court spent almost no time discussing defendant's potential for rehabilitation. We disagree with defendant's characterization of the trial court's decision-making process.

Our review of the record before us shows that the trial court, when resentencing defendant, it is clear that the trial court took the *Snow* factors into consideration. The trial court first noted that it had spent a great deal of time reviewing every document connected with defendant's case, including transcripts, the probation department's recommendation, the parties' sentencing memoranda, the presentence investigation report, the MDOC central file, and a recent psychological evaluation of defendant. The trial court then explained what stood out. First, after 22 years and in the face of evidence to the contrary, defendant still denied any knowledge of his codefendant's plans to commit a robbery, which eventually turned into the murder, when he drove his codefendants to the bowling alley and waited for them in the parking lot with the car running. After the victim was shot by one of the codefendants, defendant drove his codefendants away from the scene quickly.

Second, the trial court noted that defendant had been involved with the juvenile justice system since he was 13 years old, having had three prior juvenile offenses, three confinements, and one escape before committing the instant offense less than one month after being released from his previous confinement. Third, the trial court counted 112 misconducts since defendant's incarceration, the seriousness of which the trial court summarized at some length. The court noted that it was particularly troubled by the fact that defendant continued to accrue misconducts even after learning that he would be resentenced. Finally, the trial court noted that it had read the lifer review prepared by the probation department, which indicated that in 2015, defendant was deemed not deserving of any meaningful consideration for parole. Based on the foregoing, we cannot conclude that the trial court abused its discretion in determining that defendant was not rehabilitated, still a danger to society, and was unlikely to be rehabilitated in the near future.

Moreover, the trial court acknowledged that the *Miller* factors were not mandatory, but it had considered them anyways. In considering the factor of immaturity and failure to appreciate risks, the court suggested that defendant was well able to appreciate the risks of participating in armed robbery because he had already been in and out of the juvenile system three times. The court considered the information provided to it about defendant's father and the home environment he provided, but also noted that defendant's brother, unlike defendant, had no juvenile criminal history until the events underlying this case, suggesting that the court concluded that defendant was not deserving of leniency because of his home environment. The court considered the extent of defendant's participation in the crime, noting that he was less culpable than his codefendants, who actually committed the robbery and murder. However, the court appears to have concluded that defendant still played a very large role in the crime by driving the others to the bowling alley knowing that they were going to rob someone and knowing that they had a gun, and that he immediately tried to get them away from the crime. From the trial court's comment about defendant knowing the risks because of his long history with the justice system, we also can infer that the court also concluded that defendant was

competent to deal with the system. Finally, as discussed above, the court clearly and extensively considered the factor of rehabilitation. See *Skinner*, 502 Mich at 114-115, quoting *Miller*, 567 US at 477-478.

Based on the foregoing, the record before us shows that the trial court's resentencing of defendant to a term of years was guided by the *Snow* factors, and that the trial court considered those factors in light of the attributes of youth. From the trial court's extensive comments at resentencing, it is clear that it understood that the purpose of resentencing was to reevaluate defendant's sentence in light of his youth, and that the trial court considered those attributes when determining defendant's new sentence. Defendant's contrary arguments on appeal are without merit.

Finally, defendant argues that the trial court erred by failing to state its reasons for imposing a minimum sentence of 35 years, as opposed to some other number within the range. Defendant provides no legal support for the proposition that the trial court was required to state such reasons. A defendant abandons an issue when he does not provide support for his argument in the brief. *People v Coy*, 258 Mich App 1, 19-20; 669 NW2d 831 (2003). In any case, this was not an abuse of discretion. As discussed above, the applicable statute does not require a court to provide its "reasons supporting the sentence imposed" except when the prosecution seeks life without parole. MCL 769.25(7), as incorporated into MCL 769.25a(4)(b). The requirement that courts explain their minimum sentences to facilitate review when applying Michigan's guidelines for minimum sentences does not apply here. *Wines*, 323 Mich App at 350, 350 n 5 (first-degree murder is not covered in the sentencing guidelines; there are no sentencing guidelines to assist courts in the exercise of their discretion in imposing a 25 to 40 year minimum sentence; and this Court rejected the argument that the minimum range enacted by the legislature itself represents a guideline).

Further, a sentence that is statutorily mandated is presumptively proportionate. *People v Davis*, 250 Mich App 357; 369; 649 NW2d 94 (2002) (holding that a strong family background, prior work history and no prior related offenses were not enough to overcome the presumption of proportionality). A defendant can overcome this presumption, but to do so, he or she "must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000) (the argument that the defendant's crime was not the most serious on the criminal behavior continuum was insufficient to overcome the presumption of proportionality). See also *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (the defendant's employment, lack of criminal history, and minimum culpability are not unusual circumstances sufficient to overcome the presumption). Because defendant's resentence of 35 to 60 years is within the statutory minimum, it is presumptively proportionate.

Affirmed.

/s/ Kathleen Jansen
/s/ Patrick M. Meter