*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
October 15, 2019

v

No. 344207
Berrien Circuit Court

SAMMY LEE ALLEN, JR.,

LC No. 2017-004551-FH

Defendant-Appellant.

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*); felon in possession of a firearm (felon-in-possession), MCL 750.224f; felon in possession of ammunition, MCL 750.224f(3); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and possession of marijuana,[1] MCL 333.7403(2)(d). The trial court sentenced defendant as a second-offense habitual offender, MCL 333.7413(1), to concurrent prison terms of 198 months to 40 years for the intent to deliver cocaine conviction, 46 months to 240 months for the felon-in-possession conviction, 24 to 240 months for the felon in possession of ammunition conviction, and 150 days for the possession of marijuana conviction, all to run concurrently with credit for 63 days served. All of these sentences are to be served consecutively to the statutory 2-year prison term for the felony-firearm conviction. We affirm.

---

[1] The Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 *et seq.*, which, generally speaking, removed criminal penalties from adults over the age of 21 for possession of certain quantities of marijuana, was enacted after this crime occurred.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Berrien County police received a tip from a confidential informant that defendant was selling cocaine out of his home and vehicle and that he stored cocaine in the headliner[2] of his sport utility vehicle (SUV). Officers obtained a search warrant for the home on the basis of the tip. Because the confidential informant had also stated that there were firearms in the home, officers surveilled it so that, for their own safety, they could execute the warrant when the home was unoccupied. Officers were surveilling defendant's home on November 6, 2017 when defendant left the home in his SUV, and they observed defendant's vehicle make a turn without signaling. The officers radioed to a patrol car, and the patrol car pulled the SUV over for the traffic violation. During the traffic stop, Berrien County Sheriff's Deputy Richard Edgerle saw defendant "reach back towards the ceiling of the [SUV]." Officers searched defendant's vehicle and found crack cocaine in the headliner, and defendant was arrested. The officers interviewed defendant, and he informed them that there was a firearm and a small amount of marijuana in the home, but no additional cocaine. The officers submitted a new search warrant affidavit that included information about the newly-discovered cocaine in defendant's vehicle and obtained a second search warrant for the home. When officers executed this search warrant, they discovered more cocaine, over $13,000 in cash, and a firearm in the home.

Before trial, defendant moved to suppress all evidence obtained from the search of his vehicle, as well as his subsequent admissions about the firearm and marijuana, arguing that the warrantless search of the vehicle was illegal and that his subsequent statements were the fruit of the poisonous tree. After a hearing, the trial court denied defendant's motion, finding that the search of defendant's vehicle was authorized under the automobile exception to the warrant requirement. After a two-day trial, defendant was convicted as described.

This appeal followed.

## II. DENIAL OF MOTION TO SUPPRESS

Defendant argues that the search of his vehicle was illegal, and therefore that the trial court erred by denying his motion to suppress. We disagree.

We review de novo a trial court's decision on a motion to suppress. *People v Gingrich*, 307 Mich App 656, 661; 862 NW2d 432 (2014). However, a trial court's "findings of fact from a suppression hearing are reviewed for clear error." *Id*. "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *Id*., quoting *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011).

"It is well settled that both the United States Constitution and the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v*

---

[2] The headliner of a vehicle is the foam-backed cloth covering that is attached by adhesive to the vehicle's interior ceiling.

*Hellstrom*, 264 Mich App 187, 192; 690 NW2d 293 (2004) (quotation marks and citation omitted). "A search without a warrant is unreasonable per se and violates both the Michigan Constitution and the United States Constitution unless the search is shown to be within an exception to the general rule." *People v Barnes*, 146 Mich App 37, 40-41; 379 NW2d 464 (1985). When government agents conduct an illegal search, evidence borne from that search must usually be suppressed under the exclusionary rule. *Nix v Williams*, 467 US 431, 441; 104 S Ct 2501; 81 L Ed 2d 377 (1984).

Defendant notes that the search of his vehicle was not covered by the search warrant officers had obtained before the traffic stop. But the trial court did not rely on that warrant in denying the motion to suppress; in fact, the testifying officers conceded that the then-existing warrant (or, for that matter, the warrant obtained after the search) did not cover defendant's vehicle during the traffic stop because the vehicle was not located at defendant's home. The issue is therefore whether trial court correctly found that the automobile exception to the warrant requirement applied. We conclude that it did.

The "automobile exception" to the Fourth Amendment's warrant requirement applies to vehicle searches when officers have probable cause to believe that the vehicle contains contraband. *People v Garvin*, 235 Mich App 90, 102; 597 NW2d 194 (1999). Probable cause to search a vehicle exists where there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v Gates*, 462 US 213, 238; 103 S Ct 2317; 76 L Ed 2d 527 (1983). "The determination whether probable cause exists to support a search, including a search of an automobile without a warrant, should be made in a commonsense manner in light of the totality of the circumstances." *Garvin*, 235 Mich App at 102. The facts necessary to establish the exception are the same as those that would establish probable cause to issue a search warrant for the automobile, based upon the information known to the officers at the time of the search. If probable cause justifies the search of an automobile, it justifies the search of every part of the automobile and any of its contents that might conceal the object sought. See *Arizona v Gant*, 556 US 332; 129 S Ct 1710; 173 L Ed 2d 485 (2009); *People v Kazmierczak*, 461 Mich 411, 422; 605 NW2d 667 (2000).

In this case, the probable cause determination involved consideration of a confidential informant's tip. Generally, when confidential informants provide police with tips based on personal knowledge with specific details that can be corroborated or verified, those tips are credible and reliable. *People v Stumpf*, 196 Mich App 218, 223; 492 NW2d 795 (1992). Police may also consider a defendant's responses to their questioning when making a probable cause determination. *United States v Ortiz*, 422 US 891, 897; 95 S Ct 2585; 45 L Ed 2d 623 (1975).

In this case, the police had sufficient probable cause to search defendant's vehicle under the automobile exception. Before searching the vehicle, officers had information from at least one informant that defendant sold cocaine out of his vehicle and stored it under the headliner.[3]

---

[3] One deputy testified that he had knowledge from "several different" informants that defendant kept cocaine in the headliner of his vehicle. Although it is unclear whether one of these informants was the same informant referred to in the search warrant affidavit, the information

-3-

The principal source of the information came from an informant who had previously participated in at least four drug transactions and provided evidence for at least five separate investigations. This informant's information had led to multiple arrests, and the informant had never produced false or unreliable information; in other words, the officers had good reason to believe the tip to be credible. See *Stumpf*, 196 Mich App at 223. Further, the informant's information was reliable. The informant provided details about defendant's name, age, residence, and vehicle that were all verified by a detective. And the informant stated that he or she had personally observed defendant with cocaine at his home shortly before providing the tip. The information from the informant was credible, reliable, and based on personal knowledge. See *id*. Further, Deputy Edgerle testified that he saw defendant reach towards the ceiling of his vehicle when, according to multiple informants, defendant stored his cocaine in the ceiling area of his SUV. This observation corroborated the informant's tip.[4]

Additionally, when stopped, defendant initially told the deputies that the movements they had observed were him adjusting the heat in his SUV or reaching for his identification. Both of these explanations were inconsistent with the deputy's observation that defendant reached for the ceiling of his vehicle. The officers could reasonably infer, especially in light of the information already available to them and prior experience, that defendant had lied about his movements because they involved an attempt to hide contraband. See *Ortiz*, 422 US at 897. The combination of a reliable tip, defendant's movements, and defendant's responses to officers' questions created probable cause for the officers to search defendant's vehicle. See *Garvin*, 235 Mich App at 102.

We conclude that the search was authorized under the automobile exception to the warrant requirement. See *id*. Because the search was proper, defendant's admissions after the search were not "fruit of the poisonous tree" and were admissible. See *Nix*, 467 US at 441.[5] The trial court did not err by denying defendant's motion.

---

was reliable, as it was reported by multiple informants and corroborates the main informant's information that defendant was selling cocaine out of his vehicle. See *Stumpf*, 196 Mich App at 223.

[4] Deputy Edgerle also observed a "baggie with a large knot on the end of it along the driver's side of the seat" which he believed, based on his experience, to contain narcotics. The bag was ultimately determined to have contained some sort of soap, not narcotics. Nonetheless, the presence of this bag provided at least some additional support for Deputy Edgerle's belief that there was "a fair probability that contraband or evidence of a crime" could be found in defendant's vehicle. *Gates*, 462 US at 238.

[5] Defendant also raises a number of cursory arguments against the application of other warrant exceptions. The trial court did not find the search to be justified by any of these other exceptions, and we see no need to review these additional arguments in light of our conclusion that the automobile exception applied.

## III. SENTENCING

Defendant argues that the trial court abused its discretion when it sentenced him to 198 months to 40 years' imprisonment for his intent to deliver cocaine conviction. We disagree.

We do not review for reasonableness minimum sentences within the guidelines minimum sentence range unless there was an error in scoring or the trial court relied on inaccurate information. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018); *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). A defendant's minimum sentence that is within the guidelines minimum sentencing range is presumptively proportionate. *Id.*; MCL 769.34(10).

A trial court has discretion to sentence a defendant within the range authorized by law. *Alleyne v United States*, 570 US 99, 116; 133 S Ct 2151; 186 L Ed 2d 314 (2013); *Schrauben*, 314 Mich App at 196. Under MCL 333.7413, "an individual convicted of a second or subsequent offense under this article may be imprisoned for a term not more than twice the term otherwise authorized or fined an amount not more than twice that otherwise authorized, or both." MCL 333.7413(1). Defendant's deliver of cocaine conviction falls under the purview of MCL 33.7413l, which authorized the trial court to double both the minimum and maximum sentences in sentencing defendant. *People v Lowe*, 484 Mich 718, 731-732; 773 NW2d 1 (2009).

Defendant argues that the trial court abused its discretion when it doubled his minimum sentence under to MCL 333.7413(1). This argument is meritless. Defendant does not argue that the trial court erred when it calculated his guidelines minimum sentencing range of 99 to 160 months, or that the statutory maximum sentence, prior to any enhancement, for his conviction was 20 years, see MCL 333.7401(2)(a)(*iii*); rather, defendant simply argues that his sentence was disproportionate and unreasonable. We decline to entertain that argument.[6] See MCL 769.34(10); *Anderson*, 322 Mich App at 636; *Schrauben*, 314 Mich App at 196. Because defendant has a prior conviction of possession of cocaine, the trial court was authorized by statute to double defendant's minimum and maximum sentence. MCL 333.7413(1). Defendant was sentenced to a minimum sentence within his guidelines range when that range was appropriately doubled by statute, and to a maximum sentence of double the statutory maximum. We therefore affirm defendant's sentence. *Id*.

## IV. COURT COSTS

Finally, defendant argues that the assessment of court costs under MCL 769.1k is an unconstitutional tax or otherwise violates the Michigan Constitution. We disagree.

---

[6] We note that, in considering whether to double defendant's sentence, the trial court observed that defendant had an extensive criminal record that ran "the gamut of all criminal offenses," that defendant had had multiple probations revoked, and that defendant was transporting drugs with his infant child in the car.

This Court recently considered whether MCL 769.1k is constitutional, and determined that it was. *People v Cameron*, 319 Mich App 215, 236; 900 NW2d 658 (2017). Our Supreme Court granted leave to appeal in *Cameron* to consider: "(1) whether court costs under MCL 769.1k(1)(b)(iii) should be classified as a tax, a fee, or some other category of charge; and (2) if court costs are a tax, whether the statute violates the Separation of Powers Clause, Const 1963, art 3, § 2, or the Distinct-Statement Clause, Const 1963, art 4, § 32." *People v Cameron*, 501 Mich 986 (2018). After hearing oral argument on the application for leave to appeal, the Court denied the application "because [it was] not persuaded that the question presented should be reviewed by this Court." *People v Cameron*, 929 NW2d 785 (Mich, 2019). Therefore, we are bound by our published opinion in *Cameron*. See MCR 7.215(J)(1). Defendant is not entitled to relief on this issue.

Affirmed.


/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra

-6-