*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

THADDEUS THOMAS BELL,

        Defendant-Appellee.

UNPUBLISHED
January 13, 2025
1:45 PM

No. 367821
Wayne Circuit Court
LC No. 22-000612-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

BRANDON KEITH BRAGG,

        Defendant-Appellee.

No. 367828
Wayne Circuit Court
LC No. 22-000612-02-FC

Before: PATEL, P.J., and MURRAY and YATES, JJ.

PER CURIAM.

In these consolidated appeals, the prosecution appeals as of right trial court orders from each docket dismissing the case without prejudice. On appeal, the prosecution argues the trial court erred when it granted defendant Bragg's motion to suppress because the omissions from the affidavits used to secure search warrants of Bragg's cell phone, vehicle, house, and cell phone data were not material and did not impact whether there was probable cause to grant the search warrants. We agree and reverse.

## I. BACKGROUND

This case arises out of a robbery that occurred at a T-Mobile store in Dearborn. Defendant Bell entered the store holding a gun and fired a shot at one of the clerks. After firing a second

-1-

shot, another clerk opened the store's safe and gave Bell 17 iPhones. During the course of the robbery, Bell dropped his own cell phone on the floor. He left the store, fired another shot, and jumped into a Chevrolet Tahoe, registered to Bragg, that was waiting for him in a nearby parking lot. Bragg was driving the vehicle.

Police officers found an unlocked cell phone on the store's floor during their investigation and learned it belonged to Bell. Officers observed and collected various surveillance videos from the surrounding area. After receiving a search warrant for Bell's cell phone, police officers learned Bell had contact with Bragg the day of the robbery. Officers arrested defendants and obtained search warrants for Bragg's Tahoe, where they found the bag of 17 iPhones. Throughout the investigation, search warrants were obtained for Bragg and Bell's cell phone, Bragg's cell phone data, Bell and Bragg's home, and Bragg's Tahoe.

The issue stemming from the affidavits used to obtain the search warrants is how the affiant described the color of Bragg's Tahoe, and whether the officers made intentional or reckless material omissions and misrepresentations in the affidavits by writing that Bragg's black Tahoe matched the description of the vehicle seen on surveillance video as a "dark colored SUV" when officers instead saw a green vehicle on surveillance video. The search warrant for Bragg's vehicle did note the Tahoe was "green in color," matching the description of the vehicle provided in the officer's police report.

Bragg moved to suppress the evidence recovered by police through the searches of his home, Tahoe, cell phone, and data. After a *Franks*[1] hearing, the trial court found that the police officers who drafted the affidavits to obtain the search warrants knowingly and intentionally, or with reckless disregard for the truth, omitted material facts from the affidavits when they noted the vehicle seen in surveillance footage was dark-colored instead of green, and that this omission would have impacted whether there was probable cause to grant the search warrants. The trial court quashed the search warrants and excluded the fruits of those warrants. The trial court then granted motions to dismiss the case without prejudice in each docket.

II. ANALYSIS

A. MOOTNESS

Defendants urge this Court to conclude the prosecution's appeal is moot because the prosecution circumvented the rules pertaining to interlocutory appeals by acquiescing to the dismissal of the case. The prosecution did not move for dismissal in the trial court, but informed the court that it would not be able to move forward with the case given the court's decision to suppress the evidence found through the search warrants.

Whether an issue is moot is a question of law we review de novo. *People v Smith*, 502 Mich 624, 631; 918 NW2d 718 (2018). "It is well established that a court will not decide moot issues. A dispute is moot if no controversy exists and any judgment on the matter would lack practical legal effect." *Id.* (quotation marks and citations omitted). Prosecutors may render their

---

[1] *Franks v Delaware*, 438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978).

appeal moot when they voluntarily seek dismissal of criminal charges by filing a motion to dismiss without prejudice and the trial court grants the motion. *People v Richmond*, 486 Mich 29, 35-36; 782 NW2d 187 (2010), reh gtd in part 486 Mich 1041 (2010). Here, the prosecution did not file a motion to dismiss the case without prejudice, the defense did. This is a critical distinction from *Richmond*, where the prosecution motioned for dismissal. Although the prosecution recognized that it would have a difficult time meeting its burden without the admission of the suppressed evidence, the record is clear that the prosecution did not file a motion for dismissal, nor did it stipulate to dismissal. Declining to contest the motion to dismiss is not equivalent to affirmatively agreeing to dismiss the case. Therefore, this issue is not moot.

## B. SUPPRESSION

Turning to the motion, the prosecution contends the trial court erred when it granted defendant Bragg's motion to suppress because when the information omitted from the applicable affidavits is included in the affidavits, probable cause is not defeated.

"A trial court's ruling on a motion to suppress evidence is reviewed for clear error, but its conclusions of law are reviewed de novo." *People v Unger*, 278 Mich App 210, 243; 749 NW2d 272 (2008). "A magistrate's determination of probable cause should be paid great deference by reviewing courts." *Id.* (quotation marks and citations omitted). In reviewing a magistrate's determination whether probable cause was established to support a search warrant, this Court should ask "only whether a reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause." *Id.* at 243-244 (quotation marks and citation omitted). The trial court's factual findings are reviewed for clear error. *People v Gingrich*, 307 Mich App 656, 661; 862 NW2d 432 (2014). "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted).

"Probable cause sufficient to support issuing a search warrant exists when all the facts and circumstances would lead a reasonable person to believe that the evidence of a crime or the contraband sought is in the place requested to be searched." *People v Ulman*, 244 Mich App 500, 509; 625 NW2d 429 (2001) (quotation marks and citation omitted). To determine whether probable cause exists to issue a search warrant, there must be "a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Mullen*, 282 Mich App 14, 21; 762 NW2d 170 (2008) (quotation marks and citation omitted). An affidavit supporting a search warrant is presumed valid. *Id.* at 23. "The defendant has the burden of showing, by a preponderance of the evidence, that the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavit and that the false material was necessary to the finding of probable cause." *Ulman*, 244 Mich App at 510 (citations omitted). This same standard applies to "material omissions" from affidavits used to obtain search warrants. *Id.* If a police officer intentionally or recklessly omits relevant information from an affidavit, the affidavit is not automatically invalidated. *Mullen*, 282 Mich App at 23. Instead, the affidavit is reviewed for probable cause without the incorrect statements and "after adding the material information that was improperly omitted." *Id.* at 27.

Here, we must first determine whether the affiant's decision to write that Bragg's black Tahoe matched the color of the suspect vehicle seen by police officers on surveillance footage was

an intentional or reckless omission with a disregard for the truth. Police officers reviewed surveillance footage from several cameras in the area of the robbery. Two of those videos indicated the vehicle in question was black or dark colored, while the other indicated the car was green. Officers testified that they only used the footage that showed the vehicle was green for identifying the direction of the car's travel, not to identify the vehicle, despite that footage having better lighting than the other videos that were being used to identify the vehicle. However, none of the surveillance footage was definitive in proving the color of the vehicle in question. Officers testified that they estimated the color of the vehicle to be a dark color, but were not certain. Police later determined the footage showing the vehicle was green was not reliable, although this was after the affidavits were written. The police report did note the vehicle seen on one surveillance video appeared to be green, but this fact was left out of the affidavits.

The trial court clearly erred in finding that the affiant intentionally and knowingly omitted information about the one video clip showing him saying the vehicle may have been green. The evidence does not remotely show the affiant knowingly and intentionally, or with a reckless disregard for the truth, inserted false material into the affidavits or omitted material information from the affidavits. Police had surveillance video indicating the suspect vehicle was a dark color, which was noted in the affidavits. Officers could not say with certainty the car was green. It may have been negligent not to note that the vehicle was *either* green or dark colored, or that one video showed the vehicle was green and not black, but leaving out this information was not done intentionally or recklessly in an effort to deceive the magistrate. Police had a photo from a license plate reader showing Bragg's car was similar to the vehicle seen in surveillance footage, officers viewed footage that did in fact show a dark colored vehicle, and there was no evidence that the affidavits were written with the intent to mislead the magistrate.

Even if the affiant intentionally and recklessly omitted the possibility that the suspect vehicle was green, the omission was not material to the finding of probable cause. After removing any incorrect language and adding in that the vehicle may have been green, there still was probable cause to search Bragg's home, Tahoe, cell phone, and data. A reasonably cautious person could have concluded that there was a substantial basis for the finding of probable cause given the overwhelming evidence that Bragg was involved in the robbery. In the affidavits, the affiant noted that police found Bell's unlocked phone on the floor of the store following the robbery, the phone was used to contact Bragg frequently, including on the day of the robbery, and surveillance footage showed Bell exit the passenger side of a dark colored SUV about four minutes prior to the robbery and reenter that same vehicle a minute after the robbery. The affidavits stated Bragg owned a 2004 black Tahoe that was similar to the vehicle seen on surveillance footage and that police officers observed Bragg entering his home after exiting the Tahoe while Bell was down the street hiding items in a vacant house. Even if the affidavits had stated the suspect vehicle may have been green, it would not have been enough to defeat probable cause given this considerable amount of evidence linking Bragg to the crime.

The trial court clearly erred when it found that defendants met their burden of showing, by a preponderance of the evidence, that the affiant knowingly and intentionally, or with a reckless disregard for the truth, either inserted false material into the affidavits or omitted material information from the affidavits, and that the false material or omitted material was necessary to the finding of probable cause.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Sima G. Patel
/s/ Christopher M. Murray
/s/ Christopher P. Yates