*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 22, 2026
12:01 PM

Plaintiff-Appellee,

v

No. 370330
Oakland Circuit Court
LC No. 2023-285067-FH

ANTHONY DERAY BENN,

Defendant-Appellant.

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carrying a concealed weapon (CCW), MCL 750.227; felon in possession of a firearm (felon-in-possession), MCL 750.224f; carrying a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b(1); possession of a controlled substance under 25 grams, MCL 333.7403(2)(a)(*v*); and driving while license suspended or revoked (DWLS), MCL 257.904(1). Defendant was sentenced to 1 to 10 years' imprisonment for CCW, 1 to 10 years' imprisonment for felon-in-possession; five years' imprisonment for felony-firearm; 1 to 15 years' imprisonment for possession of a controlled substance; and 93 days in jail for DWLS, with 281 days' credit for time served. We affirm.

## I. FACTUAL BACKGROUND

In May 2023, Farmington Hills Police Officer Alexander Aquiline conducted a traffic stop of a vehicle driven by defendant for a license plate light violation and overly tinted windows. The passenger, Zeraiah Jordan, was the owner of the vehicle. Upon running identification checks, Officer Aquiline discovered that Jordan had an outstanding retail fraud warrant from Canton Township and that defendant was driving with a revoked license. Officer Aquiline arrested Jordan on the outstanding warrant and conducted a search incident to arrest, discovering controlled substances in her fanny pack and additional drugs she removed from her person. After finding drugs on Jordan, Officer Aquiline decided to search the vehicle and defendant. During the search of defendant, Officer Aquiline found eleven individually packaged corner ties containing

-1-

suspected crack cocaine in defendant's pocket and a loaded handgun in defendant's underwear. Officer Aquiline then placed defendant under arrest.

Defendant moved to suppress the evidence discovered in the search. He argued that Officer Aquiline exceeded the scope of the detention because he should have either arrested or issued defendant an appearance ticket after discovering that he was driving without a license. Defendant further argued that the search was not supported by probable cause or consent. The prosecution responded that the detention was lawfully extended when Officer Aquiline found drugs on Jordan because reasonable and articulable suspicion existed to believe that drug activity was afoot. The trial court denied the motion, finding the search lawful because probable cause existed to arrest defendant for DWLS before the search occurred. Defendant was thereafter tried by a jury, convicted, and sentenced as earlier described. This appeal followed.

## II. ANALYSIS

## A. MOTION TO SUPPRESS

Defendant argues that the trial court erred by denying his motion to suppress because the search was not supported by probable cause, and he was not under arrest when the search occurred. We disagree.

"We review de novo a trial court's ultimate decision on a motion to suppress on the basis of an alleged constitutional violation." *People v Gingrich*, 307 Mich App 656, 661; 862 NW2d 432 (2014). "The trial court's findings of fact from a suppression hearing are reviewed for clear error, according deference to the trial court's determination." *Id*. "A finding of fact is clearly erroneous if, after a review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. (citation and quotation marks omitted).

"Both the United States Constitution and the Michigan Constitution guarantee the right of persons to be secure against unreasonable searches and seizures." *People v Pagano*, 507 Mich 26, 31-32; 967 NW2d 590 (2021). "The lawfulness of a search or seizure depends on its reasonableness." *People v Moorman*, 331 Mich App 481, 485; 952 NW2d 597 (2020) (citation and quotation marks omitted). "Searches or seizures conducted without a warrant are per se unreasonable, subject to several well-delineated exceptions." *Id*. Thus, the police must conduct a search with a warrant or show that the search "fell within one of the narrow, specific exceptions to the warrant requirement." *Id*. (citation and quotation marks omitted). "A search incident to an arrest is an exception to the warrant requirement, and may occur whenever there is probable cause to arrest." *People v Nguyen*, 305 Mich App 740, 756; 854 NW2d 223 (2014). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). If an arrest is supported by probable cause, the arrest "is not an unreasonable intrusion under the Fourth Amendment." *Nguyen*, 305 Mich App at 751.

Under MCL 764.15(1)(a), a police officer may arrest a person without a warrant if a misdemeanor is committed in the police officer's presence. As defendant conceded in the trial court and on appeal, probable cause existed to arrest defendant for DWLS, independent of Jordan's

-2-

search and arrest.  Because defendant could be arrested, he could be searched incident to the arrest.  Therefore, because probable cause existed to arrest defendant for DWLS before the search occurred, the search was lawful regardless if drugs were found on Jordan, and the trial court did not err in denying defendant's motion to suppress.

Defendant nevertheless contends that the search incident to arrest exception does not apply because Officer Aquiline testified that defendant was not under arrest when the search occurred.  However, our Supreme Court has ruled that "[a] search conducted immediately before an arrest may be justified as incident to arrest if the police have probable cause to arrest the suspect before conducting the search." *Champion*, 452 Mich at 115-116.  Similarly, this Court has ruled that "[a] search incident to an arrest may still be valid if the arrest has not been made at the time the search is conducted and the arrest follows 'quickly on the heels' of the search." *Nguyen*, 305 Mich App at 757 (citations and quotation marks omitted).  Here, the search was incident to the arrest because it followed quickly on the heels of the search.  *Id*.  Accordingly, the trial court did not err by denying defendant's motion to suppress.

## B. CONSTITUTIONAL CHALLENGE

Defendant also argues that both MCL 750.224f and MCL 750.227 are facially unconstitutional in light of *New York State Rifle & Pistol Ass'n, Inc v Bruen*, 597 US 1; 142 S Ct 2111; 213 L Ed 2d 387 (2022).  We disagree.

Defendant did not raise this argument in the court below; thus, it is unpreserved.  *People v Swenor*, 336 Mich App 550, 562; 971 NW2d 33 (2021).  Unpreserved claims are reviewed for plain error affecting a defendant's substantial rights.  *People v Jarrell*, 344 Mich App 464, 481; 1 NW3d 359 (2022).  Under the plain-error rule, a defendant must prove: "(1) an error occurred; (2) the error was plain, i.e., clear or obvious; and (3) the plain error affected his substantial rights, meaning it affected the outcome of the proceedings."  *Id*. at 482.  Even if these elements are satisfied, "reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Id*. (citation and quotation marks omitted).

This Court has repeatedly declined to conclude that MCL 750.224f and MCL 750.227 are facially unconstitutional.  In *People v Hughes*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 367172), slip op at 9, this Court recently rejected an argument calling into question the constitutionality of MCL 750.224f after *Bruen*, noting "that both before and after *Bruen*, the Court and individual justices have emphasized that the Court's recent Second Amendment jurisprudence has not placed into question statutes like those prohibiting gun possession by felons." *Hughes*, ___ Mich App at ___; slip op at 10-11.  This Court instead reaffirmed that restrictions on firearm possession by felons under MCL 750.224f are among the "presumptively lawful regulatory measures" recognized by the United States Supreme Court in *District of Columbia v Heller*, 554 US 570; 128 S Ct 2783; 171 L Ed 2d 637 (2008). Likewise, in *People v Langston*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367270), slip op at 2-3, this Court explicitly reviewed MCL 750.227 following *Bruen* and stated that the statute does not violate the Second Amendment. This Court affirmed the constitutionality of Michigan's "shall-issue" licensing scheme, which requires individuals to obtain a license to carry a concealed weapon.  *Id*. at ___; slip op at 5.  We are bound to follow *Hughes* and *Langston*.  See MCR 7.215(C)(2) and (J)(1); *People v Bennett*,

344 Mich App 12, 21; 999 NW2d 827 (2022) ("This Court is bound to follow its own published opinions under the rule of stare decisis."). Defendant's argument thus fails.

Affirmed.

/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick